IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

ATANACIO G. SAMBRANO,           )
                                )
                Plaintiff,      )
                                )
     v.                         )     No.  09 C 6363
                                )
RAY MABUS, Secretary, Department)
of the Navy,                    )
                                )
                Defendant.      )

                       <u>MEMORANDUM ORDER</u>

     On March 25, 2011 attorney Arcadio Joaquin, Jr. ("Joaquin") filed a Notice of Appeal from this Court's December 8, 2010 dismissal of the Complaint and action brought by Joaquin's client Atanacio Sambrano ("Sambrano") against Secretary of the United States Department of the Navy Ray Mabus.  This memorandum order is issued because Joaquin's action in that respect is misleading and, indeed, totally improper.

     At a previously-set December 7, 2010 status hearing, this Court informed counsel for the parties that it had granted Secretary Mabus' motion for summary judgment, with a written opinion to be forthcoming very shortly.  On the very next day this Court issued its memorandum opinion and order reflecting that grant of summary judgment, and this action was dismissed.

     Because attorney Joaquin is an "e-filer" in this District Court's CM-ECF system, he received e-mail confirmation of the decision and dismissal on its date of entry, December 8, 2010. Under Fed. R. App. P. ("App. R.") 4(a)(1)(B), Sambrano had until

February 6, 2011 (60 days after the December 8 date of entry of the judgment) within which to file a notice of appeal[1]--and because that was a Sunday, the last permissible filing date was Monday, February 9.

Although no timely notice of appeal was filed by that date, App. R. 4(a)(5)(A)(i) gave this Court the power to extend the time for the notice of appeal if a motion for extension were to be filed within 30 days after the February 7 deadline--by March 9. And Joaquin got in just under the wire by filing such a motion on the last day, March 9.

But App. R. 4(a)(5)(A)(ii) imposed an added condition on any extension: a showing of "excusable neglect or good cause" by the late-moving party. When counsel for both parties appeared on Joaquin's designated date of presentment of the motion for extension, March 23,[2] counsel for Secretary Mabus argued that no "good cause" or "excusable neglect" had been shown to justify an extension, and this Court ordered that both counsel supply case citations in support of their respective clients' positions on or

---

[1] Joaquin's recently-filed "Citations Supporting Motion for Extension of Time" mistakenly refers in part to a 30-day period, which would apply under App. R. 4(a)(1)(A) if Sambrano were suing a private party, but that is wrong where as here the United States of its officer is defendant.

[2] True to form, Joaquin chose the last permissible date for presentment of his motion--this District Court's LR 5.3(b) allows a designation of no more than 14 days after filing of the notice of motion.

2

before April 1.

Joaquin's motion had been accompanied by an affidavit from plaintiff Sambrano stating that he had been hospitalized for a few days during the original 60-day period for appeal, that he "forgot" about his case and that Joaquin's request to appeal "skipped his memory." Whether or not Joaquin recognized that feeble excuse did not constitute either "good cause" or "excusable neglect," he disobeyed this Court's order and instead jumped the gun by filing a notice of appeal <u>without</u> this Court's authorization or approval on March 25. Understandably our Court of Appeals caught the fact that Joaquin had not obtained an extension of the appeal period and issued the attached self-explanatory March 31 order.

Now Joaquin has shifted his ground, stating that he did not receive the December 8 memorandum opinion and order until it arrived in the mail on January 24, 2011 and that the <u>latter</u> date started the 60-day clock ticking, so that his March 25 notice of appeal was filed on the 60th day.[3] But it takes no in-depth analysis to see that Sambrano's earlier "excuse" is simply inexcusable and that Joaquin's alternative position is simply bogus.

As for the former, forgetfulness and a slippage of memory

---

[3] Once again that would have been the very last day for such filing even under Joaquin's false premise.

3

flunks the "good cause" or "excusable neglect" standard abysmally. And as for Joaquin's equally feeble effort, this Court of course has no way of knowing when he may have received the dismissal opinion by mail--but no matter, for App. R. 4(a)(1)(B) starts the 60-day time clock when "the judgment or order appealed from is <u>entered</u>" (emphasis added), and on top of that Joaquin's status as an "e-filer" caused an automatic delivery of the December 8 dismissal to his e-mail account automatically.[4]

Accordingly, for the reasons stated in this memorandum order, Sambrano's motion for an extension of time to appeal is denied as lacking in both "excusable neglect" and "good cause." Joaquin is ordered to file a withdrawal of his totally unauthorized notice of appeal.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 4, 2011

---

[4] When Secretary Mabus' counsel noticed up a motion for status hearing on March 31 in light of Joaquin's noncompliance with this Court's March 23 order, Joaquin failed to show up on that designated March 31 date. And when this Court's minute clerk sought to reach Joaquin by phone that morning (as this Court always does as a matter of courtesy where any lawyer has failed to appear for a status hearing or motion call), no message could be left because the "mailbox was full." This Court then reset the government's motion for hearing on today's motion call, and a copy of that order went to Joaquin by electronic transmission. Once again he failed to show up, and once again an attempt to reach him telephonically was met with the same "full mailbox" automated message.

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

March 31, 2011

**By the Court:**

| | |
|---|---|
| ATANACIO G. SAMBRANO,<br>    Plaintiff-Appellant, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| No. 11-1730    v. | |
| RAY MABUS, Secretary Department of the Navy,<br>    Defendant-Appellee. | No. 1:09-cv-06363<br><br>Milton I. Shadur, Judge. |

### O R D E R

Rule 4(a) of the Federal Rules of Appellate Procedure requires that a notice of appeal in a civil case in which the United States is a party be filed in the district court within 60 days of the entry of the judgment or order appealed. In this case judgment was entered on December 8, 2010, and the notice of appeal was filed on March 25, 2011, over six weeks late. The district court has not granted an extension of the appeal period, see Rule 4(a)(5), and this court is not empowered to do so, see Fed. R. App. P. 26(b). Accordingly,

IT IS ORDERED that appellant, on or before April 14, 2011, file a brief memorandum stating why this appeal should not be dismissed for lack of jurisdiction. A motion for voluntary dismissal pursuant to Fed. R. App. P. 42(b) will satisfy this requirement. Briefing shall be suspended pending further court order.

Appellant's jurisdictional memorandum should include a discussion of the status of any request for an extension of time in which to file the notice of appeal.

NOTE:   Caption document "JURISDICTIONAL MEMORANDUM." The filing of a Circuit Rule 3(c) Docketing Statement does not satisfy your obligation under this order.